Interstate Sealant & Concrete, Inc., Plaintiff-Appellant,
v.
Robert Schlueter and Daffinson Pavement Maintenance, Inc., Defendants-Respondents.
No. 03-1593.
Court of Appeals of Wisconsin.
Opinion Filed: April 13, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1. PER CURIAM.
Interstate Sealant & Concrete, Inc., appeals a summary judgment dismissing its claims against Robert Schlueter and Daffinson Pavement Maintenance, Inc.[1] Interstate argues that Schlueter's noncompete agreement is valid and enforceable under Wis. Stat. § 103.465 and is reasonable. It further contends that it is undisputed that Schlueter and Daffinson violated the agreement. Because the noncompete agreement is not enforceable, we do not reach Interstate's other arguments. We affirm the judgment.
¶2. Schlueter entered into a three-year employment contract with Interstate on May 20, 1998. The employment contract contained a noncompete clause. On October 19, 2001, Schlueter resigned from Interstate and not long after began employment at Daffinson.
¶3. Interstate brought this action against Schlueter alleging that when Schlueter obtained new employment with Daffinson, he began doing concrete restoration in direct competition with Interstate, violating the noncompete agreement. On motion for summary judgment, the trial court concluded that the noncompete agreement was unenforceable because its territorial limits were overbroad. It entered summary judgment against Interstate.
¶4. When reviewing a summary judgment, we perform the same function as the trial court and our review is de novo. See Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. See Wis. Stat. § 802.08. Whether a covenant not to compete is valid is a question of law that we review independently. Farm Credit Servs. v. Wysocki, 2001 WI 51, ¶8, 243 Wis. 2d 305, 627 N.W.2d 444.
¶5. In pertinent part, the noncompete agreement provides:

Non-Competition. Mr. Schlueter agrees that, for a period of twenty-four (24) months after the Termination Date, Mr. Schlueter shall not, either directly or indirectly, as an owner, partner, shareholder, agent, employee, independent contractor, representative, or otherwise, engage in the activities described in subparagraphs (a), (b), or (c) below:
(a) Engage in the joint, sealant or concrete restoration business as conducted by Interstate as of the date of this Agreement in any of the Markets (the "Markets") within which Interstate has performed work during the three (3) year period prior to the Termination Date (such activities are referred to as the "Competitive Business"); or
(b) Perform any services for any person, firm or corporation which conducts a Competitive Business as of the Termination Date ....
¶6. Interstate argues: "This case involves a small airport restoration company that does work coast-to-coast in a unique, distinct and specialized field. Obviously, a geographical territorial restriction would be impossible, and undoubtedly unenforceable under Wis. Stat. § 103.465." It characterizes the restriction as "activities based" and not a geographical restriction. It contends that the noncompete agreement is reasonable and narrowly tailored. We disagree.
¶7. Wisconsin Stat. § 103.465, entitled "Restrictive covenants in employment contracts," reads:
A covenant by an assistant, servant or agent not to compete with his or her employer or principal during the term of the employment or agency, or after the termination of that employment or agency, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. Any covenant, described in this subsection, imposing an unreasonable restraint is illegal, void and unenforceable even as to any part of the covenant or performance that would be a reasonable restraint.
¶8. An enforceable agreement must be reasonable as to geographic territory. Id. In Equity Enters. v. Milosch, 2001 WI App 186, ¶15, 247 Wis. 2d 172, 633 N.W.2d 662, we held that an agreement silent as to territory implied a nationwide restriction, which was held unreasonable.
¶9. A noncompete agreement must withstand close scrutiny to pass legal muster as being reasonable. Id., ¶12. A territory may be limited by customers actually serviced or by route. Here, however, the agreement does not limit territory to customers served or by a route.
¶10. The noncompete agreement fails to define "market." It is undisputed that Interstate's business is nationwide. Interstate suggests that the term indicates any market from coast to coast, within the entire United States. We conclude that the noncompetition clause's use of the term "market" is unreasonably broad.
¶11. As in Milosch, the agreement is silent as to what territorial parameters by which Schlueter must abide, thereby implying at least a nationwide restriction. Id., ¶15. The agreement "cannot escape the requirement of territorial reasonableness simply because it does not include any mention of geographical parameters." Id. Wisconsin Stat. § 103.465 provides that a covenant not to compete "within a specified territory" is lawful and enforceable only if the restriction is reasonably necessary for the protection of the employer of principal. Without any specified territory, the noncompete provision is void. Id.
¶12. Interstate argues, nonetheless, that under Wysocki, geographical territorial terms are not a prerequisite to an enforceable agreement. It argues that Schlueter is familiar with almost all of Interstate's customers and suppliers and has detailed confidential information regarding those customers and suppliers. It quotes Rolling Burdick Hunter v. Hamilton, 101 Wis. 2d 460, 465, 304 N.W.2d 752 (1981), for the proposition: "In a proper case the preferability of a restraint expressed in terms of particular customers or particular activities over one expressed in geographic terms is evident."
¶13. The problem with Interstate's argument is that the agreement never expresses the restraint in terms of particular customers. In addition, it does not define particular activities, but states that Schlueter "shall not, either directly or indirectly, ... Perform any services for any person, firm or corporation which conducts a Competitive Business as of the Termination Date ...."
¶14. "[D]ivision of labor and specialization now make it of the utmost importance that a restraint define carefully the activities in which the employee is not to engage." Rolling Burick, 101 Wis.2d at 465 (citation omitted). Interstate's agreement does not carefully define the activities in which Schlueter is not to engage.
¶15. Because the noncompete agreement never expresses the restraint in terms of particular customers, defined activities, or a reasonable territorial limit, it is not enforceable. Because the agreement is not enforceable, we need not address Interstate's other arguments regarding breach of the agreement.
By the Court.  Judgment affirmed.
NOTES
[1] Daffinson states that its correct name is "Daffinson, Inc."